**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                    **4:16-CR-00202-10-JM**

**CATINA MICHELL DAWSON**

**<u>ORDER</u>**

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 371) is DENIED.

**I.        BACKGROUND**

On December 10, 2018,  Defendant pled guilty to one count of possession with intent to distribute methamphetamine on a premises which an individual under the age of 18 years is present and resides.[1]  On August 14, 2019, she was sentenced to 65 months in prison.[2]

**II.       DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, she must first make the request with the Bureau of Prisons and exhaust her administrative remedies there. On May 10, 2020, Defendant requested compassionate release from prison staff, and that request

---

[1]Doc. Nos. 250, 251.

[2]Doc. No. 334.

[3]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

was rejected on May 26, 2020 because Defendant failed to provide the necessary information. On July 2, 2020, Defendant requested compassionate relief from the warden.  On September 3, 2020, the warden informed Defendant that her request had been submitted to the Reduction in Sentence coordinator for processing.  On the current record, it is not clear whether Defendant ever received a final determination.  Since thirty days have passed since she sent the request, the Court will assume that it has jurisdiction.

In support of her motion, Defendant asserts is obese and has high blood pressure, diabetes, sleep apnea, and asthma, all of which put her at a higher risk of suffering from COVID-19.  First, obesity, high blood pressure, diabetes, sleep apnea, and asthma are not "extraordinary and compelling" reasons warranting release.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[4]  Defendant's health conditions are not listed.  Furthermore, Defendant has not shown that her health conditions are severe enough to prevent her from independently functioning within the prison. She also has provided neither argument nor evidence that his health conditions are unable to be controlled with medication.  Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or

---

[4]Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

compelling enough reasons for release."[5]  Third, Defendant is 48 years old and has served less

than 25% of her sentence, which means she does not meet the age and minimum served-time

requirement under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, her request for

relief must be denied because of the § 3553(a) factors – specifically, reflecting the severity of the

offense.

Defendant was involved in a drug-trafficking ring that distributed  large amounts of

methamphetamine and cocaine in the central Arkansas.  On June 29, 2017, law enforcement

officers searched Defendant's residence and found 1,832.6 grams of methamphetamine, 13.9

grams of crack cocaine, 240.3 grams of marijuana, and a handgun with ammunition.  After her

arrest, Defendant acknowledged selling drugs at the residence while she cared for a child.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 371) is

DENIED.

IT IS SO ORDERED, this 30th day of November, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[5]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D.
Ark. June 16, 2020).